# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LUCIA DOMINICI, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | NO. 5:18-CV-04181 |
| | : | |
| READING HOSPITAL/TOWER HEALTH, | : | |
|     Defendant. | : | |

## **O P I N I O N**

**Joseph F. Leeson, Jr.**                                                                      **October 2, 2018**
**United States District Judge**

Plaintiff Lucia Dominici brings this action against her former employer Reading Hospital/Tower Health pursuant to Title VII, 42 U.S.C. § 1981, the Age Discrimination in Employment Act, and the Pennsylvania Human Relations Act. She seeks leave to proceed *in forma pauperis*. For the following reasons, the Court grants Dominici leave to proceed *in forma pauperis* and dismisses her Complaint without prejudice to her filing an amended complaint.

## I.    FACTS

Dominici filed this civil action using the Court's form complaint for a plaintiff raising employment discrimination claims. By checking certain locations on the form complaint, Dominici indicates that her former employer discriminated against her by terminating her employment, failing to stop harassment, subjecting her to unequal terms and conditions of employment, and retaliating against her. She claims to have been discriminated against based on her race (European), her national origin (Italian), her gender (female), and her age (fifty-eight).

Dominici filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on August 15, 2018. On August 25, 2018, she received a notice of right to

1

sue letter from the agency. Dominici relies on the charge of discrimination that she filed with the EEOC, a copy of which is attached to the Complaint, to convey the factual basis for her claims.

Dominici alleges that she was terminated on July 27, 2018, from her position as a "Mental Health Psych Tech" at Reading Hospital, which is owned by Tower Health Systems, after a year and three months of employment. Compl. 14, ECF No. 1.[1] Dominici alludes to an "event" that occurred on the night before she was terminated, namely that a "patient us[ed] [her] badge to escape the building." *Id.* at 14 & 16. She alleges that she was not on the schedule when she showed up for work the day after this incident and describes how she was made to wait more than half an hour in a room with people who were only "superficially friendly" to her. *Id.* at 14. At some point, a woman named Ann, possibly someone from the Human Resources Department, spoke with Dominici, asked what she "was doing and why the badge was taken," and accused her of not being responsible or using good judgment. *Id.* Dominici alleges that she was terminated "before [she] had the opportunity to explain what had happened," without an investigation, and without the ability to defend herself. *Id.*

Dominici alleges that the "very same HR staff" previously told her to "stop filing [her] unfair treatment complaint with [her] department . . . ." *Id.* Dominici also alleges that she "was promised [by HR staff] that if anything happens in the future 'we will not talk about previous events' because they agreed these events were minor and not of ill intent." *Id.* Dominici does not describe the prior events to which these statements refer. However, Dominici believes "HR was not honest with [her]" and apparently told her that she could not be trusted to work in the psych unit. *Id.* at 15.

---

[1] The Court adopts the pagination assigned to the Complaint by the CM-ECF system.

Dominici believes that her termination was "very discriminatory" because other employees who were "involved in unprofessional and unsafe tasks on the unit are still employed." *Id*. In support of her allegations that she was treated unfairly by her former employer, Dominici also claims that she was given a written warning for letting a group of patients listen to music but that another employee was not disciplined for letting a patient keep a phone in her room for an hour, which is "equally prohibited." *Id*. She claims that other staff members used profanity in the workplace and listened to loud music, which made it difficult to concentrate.

Dominici also alleges that she was "bullied" and "made to work as a personal care assistant," which involved changing patients' diapers and cleaning feces and urine, which she did not believe fell within her job description. *Id*. Dominici alleges that she "expressed [her] disappointment often" but that the situation did not change as a result of her complaints. *Id*. She was also given a written warning for walking to the garage where her car was parked and that "other staff that should have done the same instead parked across the street." *Id*. She goes on to describe how other staff members committed certain infractions at work such as occasionally talking on the phone, using the computer for personal business, sleeping on the job, or coming into work drunk or hung over from the night before. Dominici also points out that she was told to go home and change on one occasion when she was "wearing a very nice pair of Adidas pants and a t-shirt" even though a female psychiatrist was not told to go home for wearing a dress that was "too short." *Id.* at 16. Dominici raises other allegations about other employees' conduct, including how a visitor once found scissors dropped by a male nurse, which she claims "could have turned out far worse" than the situation where a patient used her badge to escape. *Id*. Dominici adds that she could "go on and on about incidents where [she] feel[s] other employees were treated better and more fairly after making an honest (or even dishonest) mistake . . . ." *Id*.

Dominici contends that the above allegations led her to file a charge of discrimination and that she "believe[s] that her termination was an act of gender and race discrimination." *Id.* She also claims that she is "no stranger to being treated differently because of [her] race" and that "[b]eing a woman along with being an immigrant with a foreign accent may have intensified this discrimination." *Id.*

## II.   STANDARD OF REVIEW

The Court grants Dominici leave to proceed *in forma pauperis* because it appears that she is not capable of paying the fees to commence this litigation. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he plausibility paradigm announced in *Twombly* applies with equal force to analyzing the adequacy of claims of employment discrimination." *Fowler v. UMPC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quotations omitted). Accordingly, courts evaluating the viability of an employment discrimination complaint should "disregard legal conclusions and recitals of the elements of a cause of action, supported by mere conclusory statements" in determining whether a plaintiff has stated a plausible claim. *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010) (quotations omitted). As Dominici is proceeding *pro se*, the Court must construe her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

**III.    DISCUSSION**

Federal law prohibits employment discrimination based on race, color, religion, sex, national origin, age, and disability.[2]  *See E.E.O.C. v. Allstate Ins. Co.*, 778 F.3d 444, 448-49 (3d Cir. 2015) (citing 42 U.S.C. § 2000e-2(a), 29 U.S.C. § 623; 42 U.S.C. § 12112).  In general, to establish a *prima facie* case of employment discrimination, a plaintiff must show that: (1) she is a member of a protected class; (2) she was qualified for the position in question; (3) she suffered an adverse employment action, and; (4) the adverse action occurred under circumstances giving rise to an inference of discrimination.  *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *see also Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003).  A plaintiff claiming a hostile work environment based on regular and pervasive harassment must likewise establish that any harassment was due to her membership in a protected class or protected activity.  *Culler v. Sec'y of U.S. Veterans Affairs*, 507 F. App'x 246, 249 (3d Cir. 2012) (per curiam) (citing *Andreoli v. Gates*, 482 F.3d 641, 644 (3d Cir. 2007)).  Indeed, "Title VII imposes no general civility code" as it "does not reach the ordinary tribulations of the workplace, for example, sporadic use of abusive language or generally boorish conduct."  *Vance v. Ball State Univ.*, 570 U.S. 421, 452 (2013) (internal quotations omitted).

Federal law also prohibits an employer from retaliating against an employee for opposing any act made unlawful by the employment discrimination statutes, or because she made a charge, testified, assisted, or participated in an investigation, proceeding, or hearing under the

---

[2]  Claims under the PHRA "are governed by essentially the same legal standards" as the federal analogues.  *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 791 n.8 (3d Cir. 2016).  The same is true for race-discrimination claims under § 1981.  *See Castleberry v. STI Grp.*, 863 F.3d 259, 263 (3d Cir. 2017) ("In employment discrimination cases, [§ 1981] claims are subject to the same analysis as discrimination claims under Title VII of the Civil Rights Act of 1964.").

employment discrimination statutes. *E.E.O.C.*, 778 F.3d at 449. "A prima facie case of illegal retaliation requires a showing of (1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." *Id.* (quotations omitted). Although a plaintiff need not establish a *prima facie* case to survive dismissal for failure to state a claim, she still must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler*, 578 F.3d at 213 (quotations omitted).

Here, Dominici has not alleged any facts supporting her allegations that she was terminated or treated differently because of her race, nationality, age, and/or gender, or that her employer retaliated against her. It is apparent Dominici believes she was treated unfairly compared to others at work who committed various infractions. However, her Complaint does not suggest that she was treated differently from someone who was similarly situated, *i.e.*, someone who had allowed (whether intentionally or not) a patient to escape using her badge or someone who committed an equally serious infraction. Importantly, nothing in Dominici's factual allegations suggests that her treatment at work, even if "unfair," was based on her membership in a protected class. Even if others acted inappropriately or she was treated unfairly, her allegations do not plausibly suggest that her treatment was based on her nationality, race, age, or gender. She also has not stated a retaliation claim because, although she complained about being treated unfairly, the Complaint does not allege that Dominici opposed conduct made unlawful by the statutes prohibiting employment discrimination. Accordingly, the Court dismisses the Complaint. *See, e.g.*, *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012) ("Plaintiff's general assertions of discrimination and retaliation, without any details whatsoever of events leading up

6

to her termination, are insufficient to survive a motion to dismiss."); *Golod v. Bank of Am. Corp.*, 403 F. App'x 699, 702 (3d Cir. 2010) (affirming dismissal of complaint for failure to state a claim when plaintiff "offered no factual allegations to bolster her legal conclusions").

But, Dominici is granted leave to file an amended complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). She is advised that the "amended complaint must be complete in all respects." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). It must be a new pleading which stands by itself without reference to the earlier pleadings. *Id.* The amended complaint "may not contain conclusory allegations," but must include specific allegations supporting her claim. *Id.* (citing *Rizzo v. Goode*, 423 U.S. 362 (1976)). "The amended complaint must also be 'simple, concise, and direct' as required by the Federal Rules of Civil Procedure." *Id.* (citing Fed. R. Civ. P. 8(e)(1)).

## IV. CONCLUSION

For the foregoing reasons, the Court dismissed Dominici's Complaint without prejudice to her filing an amended complaint. An appropriate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*_____
JOSEPH F. LEESON, JR.
United States District Judge